# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK HIMES, CDCR #V-34446,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>A. TAYLOR-GARCIA;<br>MARCUS POLLARD,<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-cv-0726-JAH-BGS<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

　　　Roderick Himes ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Comp., ECF No. 1). In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. (ECF No. 4.) Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 4) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations[1]

Plaintiff has been housed at RJD since February 8, 2019. (*See* Compl. at 4.) Plaintiff claims he "relied on CDCR employees to provide the transfer an "alternative custody program" known as "Male Community Reentry Program (MCRP)." (*Id.*) Plaintiff alleges Defendant Taylor-Garcia, an RJD Correctional Counselor, is "responsible" for "presenting inmate's case to classification staff representative (CSR) for an endorsement of a transfer to all institutions within CDCR." (*Id.*)

On February 19, 2019, Plaintiff "appeared before the Unit Classification Committee (UCC)" and "informed [Taylor-Garcia] about the MCRP transfer." (*Id.* at 5.) Plaintiff claims Taylor-Garcia told him that he could "re-apply" for the MCRP. (*Id.*) However, Plaintiff alleges he had already been approved for transfer and Taylor-Garcia had access to Plaintiff's file that contained the documentation regarding the transfer. (*See id.*)

On May 28, 2019, Plaintiff "appeared before the Classification Committee, for program review again," and they referred Plaintiff's case to the CSR for a "non-adverse transfer" to either the California Institution for Men (CIM) or alternatively, the California

---

[1] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing system.

Men's Colony ("CMC"). (*Id.*) Plaintiff submitted an "inmate/parolee Request for Interview to Defendant Taylor." On July 15, 2019, Taylor-Garcia "responded to Plaintiff's request for interview" and told him that she would "review" his case and if "all case factors meet MCRP" she would try to "complete case in July." (*Id.* at 5-6.)

Taylor-Garcia interviewed Plaintiff on July 19, 2019 and informed him that his "transfer to [CIM] was rescind[ed] due to error and the MCRP [was] more appropriate for support and stability after [Plaintiff] paroled." (*Id.* at 6.) Based on these representations, Plaintiff withdrew his "grievance from the record." (*Id.*)

Plaintiff appeared before the "Institution CIS Committee (ICC)" on July 25, 2019 at which Taylor-Garcia "represented Plaintiff at the special ICC hearing regarding the MCRP." (*Id.*) Taylor-Garcia "recommended the MCRP to Warden Patrick Covello for his approval." (*Id.*) On July 29, 2019, Plaintiff was "approved for MCRP placement." (*Id.*)

On August 30, 2019, Plaintiff "was interviewed a second time in regard to the MCRP endorse[ment] and transfer." (*Id.* at 7.) Plaintiff claims he felt "pressure" from Taylor-Garcia. (*Id.*) On October 10, 2019, Plaintiff was "interviewed for the third time about MCRP-transfer." (*Id.*) Plaintiff then submitted an "inmate/parolee Request for Interview" to Taylor-Garcia. (*Id.*) Taylor-Garcia responded, "you have submitted an appeal regarding placement in MCRP [and] as I stated, you are currently pending placement." (*Id.*) She also informed Plaintiff that he also had a "pending MDO[2] evaluation due to eligible violent offense." (*Id.*)

Plaintiff claims that inmates "nearing the end of their incarceration" are provided the "opportunity to begin reintegrating into society" but Taylor-Garcia "purposefully deprived Plaintiff [this] privilege. (*Id.* at 8.) Plaintiff alleges the MCRP is an "Alternative Custody Program (ACP)" which "allows eligible inmates committed to state

---

[2] "MDO" is an acronym for "Mentally Disordered Offender." *See* Cal. Penal Code § 2960 et seq.

prison to serve their sentence in the community in lieu of confinement in state prison." (*Id.*) Plaintiff claims Taylor-Garcia "caused Plaintiff from being transferred" which resulted in "atypical significant hardship," along with "mental anguish and undue stress." (*Id.*) Plaintiff "feels that this hindering of a transfer" prevents him from a "better lifestyle of a normal environment to reintegrating into society." (*Id.*

Plaintiff seeks declaratory and injunctive relief, along with unspecified compensatory and punitive damages. (*See id.* at 14.)

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Warden Pollard

Plaintiff names Warden Pollard as a Defendant in this matter. (*See* Compl. at 1, 2.) Plaintiff further alleges that Warden Pollard "is and has been responsible for promulgating, supervising the promulgation of, implementing, supervising the implementation of, monitoring compliance with, enforcing and or supervising the enforcement of policies and procedures affecting inmates transferred." (*Id.* at 9.)

However, Plaintiff fails to state a plausible claim for relief under § 1983 because he fails to include "further factual enhancement" which describes how or when this Defendant was actually aware of a serious risk of harm to Plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official

defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right on the part of Warden Pollard. Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). And a supervisory official may only be held liable under § 1983 if Plaintiff alleges his "personal involvement in the constitutional deprivation, or … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).

Therefore, the Court sua sponte dismisses Defendant Pollard based on Plaintiff's failure to state a plausible individual liability claim against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

E.  Retaliation claims

Plaintiff also contends that "intentional acts by [Taylor-Garcia] have caused Plaintiff from being transferred and this malicious retaliation action has caused atypical significant hardships."  (Compl. at 8.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison*, 668 F.3d at 1114.[3] Second, Plaintiff must allege Defendants took adverse action against him.[4] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[5] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[6] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

Here, it is not clear that Taylor-Garcia took an "adverse action" against him. Plaintiff claims Taylor-Garcia denied him the "privilege" to participate in the MCRP program which he describes as a "voluntary program that allows eligible inmates committed to state prison to serve their sentence in the community." Compl. at 8. However, Plaintiff has submitted documents as exhibits to his Complaint which appear to contradict this claim. Plaintiff has submitted a letter from Paul Hail, Captain with the CDCR in which he addresses Plaintiff's request for the status of his "transfer into the

---

[3] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[4] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[5] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison,* 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[6] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill Plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.

Male Community Reentry Program (MCRP)." (*See* ECF No. 1-3 at 30, Correspondence dated Nov. 6, 2019.) Captain Hail acknowledges that Plaintiff's file was reviewed and the CDCR "has determined that you have already been screened and endorsed to participate in the MCRP in San Diego." (*Id.*) However, Plaintiff was also informed that his "required need for a Mentally Disordered Offender (MDO) evaluation precludes [Plaintiff] from transfer at this time." (*Id.*)

Plaintiff's Complaint does not contain any specific allegations as to how Taylor-Garcia purportedly caused this delay in his participation of the MCRP program. *See Watison*, 668 F.3d at 1114; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (retaliation claims requires a showing that Plaintiff's protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct."). Moreover, Plaintiff has not been denied the right to participate in this program, he has only been told that he must have an evaluation before he can transfer to the MCRP.

Plaintiff further fails to allege facts which plausibly show how or why a delay "would chill or silence a person of ordinary firmness from future First Amendment activities," *Rhodes*, 408 F.3d at 568, and as currently pleaded, Plaintiff fails to claim that he "suffered some other harm," *Brodheim*, 584 F.3d at 1269, that was "more than minimal." *Rhodes*, 408 F.3d at 568 n.11. Finally, Plaintiff fails to allege Defendants' notifying him of his need to complete an MDO evaluation before participating in MCRP "failed to advance a legitimate goal of the correctional institution." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

Therefore, Plaintiff's retaliation claims must also be dismissed for failure to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1)

### III. Conclusion and Orders

For the reasons explained, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2.     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5. The Clerk of Court is directed to mail a court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED**.

Dated: May 6, 2020

Hon. John A. Houston
United States District Judge