UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK HIMES,<br>CDCR #V-34446,<br><br>                              Plaintiff,<br><br>v.<br><br>A. TAYLOR-GARCIA;<br>MARCUS POLLARD,<br><br>                              Defendants. | Case No.:  3:20cv0726-JAH-BGS<br><br>**ORDER:**<br><br>**(1)  DISMISSING CLAIMS AGAINST DEFENDANT POLLARD; AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT UPON DEFENDANT TAYLOR-GARCIA PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.      Procedural History**

On April 15, 2020, Roderick Himes ("Plaintiff"), incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California filed a pro se civil rights Complaint pursuant to 42 U.S.C. Section 1983.  (*See* ECF No. 1, Compl.)  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").  (*See* ECF No. 2.)

1  On May 6, 2020, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  (*See* ECF No. 7.)

Plaintiff was given forty-five (45) days leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order.  (*See id.*)  On June 22, 2020, Plaintiff filed his First Amended Complaint ("FAC").  (*See* ECF No. 8.)

**II.     Sua Sponte Screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A**

A. <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

    B. <u>Factual Allegations</u>

Since Plaintiff has been housed at RJD, he has appeared before the Institutional Classification Committee ("ICC") five times beginning in February of 2019.  *See* FAC at 4.  He alleges that he had "an expectation" to be transferred to the "Male Community Reentry Program ("MCRP")." *Id.*

Plaintiff claims that Defendant Taylor-Garcia is "highly aware that Plaintiff has filed four (4) complaints against [her]" with regarding to his pending transfer to the MCAP.  *Id.*  He further claims Taylor-Garcia responded to all of Plaintiff's grievances and "conducted the interviews with Plaintiff." *Id.* at 5.  Plaintiff maintains that Taylor-Garcia should have not responded to these grievances herself and instead she should have assigned them to "another correctional counselor." *Id.*  Plaintiff alleges Taylor-Garcia "arbitrarily used Mentally Disordered Offender ("MDO") evaluations" to retaliate for Plaintiff exercising his right "for review of the transfers to the MCAP." *Id.*  He further alleges that Taylor-Garcia "should have known" he did not meet the requirement to be subjected to an MDO. *Id.* at 5-6.

Plaintiff claims Taylor-Garcia "intentionally delayed" his transfer to the MCAP.  *Id.* at 9.  Plaintiff alleges that Taylor-Garcia achieved this delay by "referring Plaintiff's case for an MDO evaluation" even though she had "accurate information that Plaintiff did not meet the criteria." *Id.*

///

Plaintiff alleges Defendant Pollard, RJD Warden, is "responsible for promulgating, supervising the promulgation, implementing supervising the implementation of monitoring compliance with enforcing, and/or supervising the enforcement of policies and procedures affecting inmates transfers [to] alternative custody programs." *Id.* at 10. Plaintiff also alleges that Pollard was aware of his claims because he wrote letters to Pollard that were responded to by his "office" on "behalf of the Warden." *Id.* Plaintiff claims Pollard was also "highly aware" of his claims because he responded to some of Plaintiff's grievances that he filed against Taylor-Garcia. *Id.* at 10-11.

Plaintiff seeks compensatory damages, punitive damages, and "full cost of suit and attorney fees, including prejudgment interest." *Id.* at 17.

### C. Claims against Defendant Pollard

Plaintiff seeks to hold Defendant Pollard liable for his role in either himself or his staff responding to Plaintiff's grievances. However, a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860).

For these reasons, the Court dismisses Defendant Pollard as a party to this action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

///

///

///

### D. Defendant Taylor-Garcia

As to Plaintiff's allegations against Taylor-Garcia however, the Court finds his FAC contains plausible First Amendment retaliation claim sufficient to survive the "low threshold" set to withstand the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will order the U.S. Marshal to effect service upon Defendant Taylor-Garcia on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[1]

### III.   Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** the claims against Defendant Pollard for failing to state a claim upon which relief may be granted. The Clerk of Court is directed to terminate this Defendant from the docket.

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 8) upon Defendant Taylor-Garcia and forward it to Plaintiff along with blank U.S. Marshal Form 285 for Defendant.  In addition, the Clerk will provide Plaintiff with a certified copy of the IFP Order (ECF No. 7), a certified copy of his FAC, and the summons so that he may serve Defendant.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where the Defendant may be served*, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

3) **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendant as directed by Plaintiff on the USM Form 285s provided to him.  All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

4) **ORDERS** Defendant, once served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the

1  Defendant or her counsel, and the date of that service.  *See* S.D. Cal. Civ. L.R. 5.2.  Any
2  document received by the Court which has not been properly filed with the Clerk, or
3  which fails to include a Certificate of Service upon the Defendant, may be disregarded.

6  Dated: August 10, 2020

   _____
   Hon. John A. Houston
   United States District Judge