UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK HIMES,<br><br>                                  Plaintiff,<br><br>v.<br><br>A. TAYLOR GARCIA, et al.,<br><br>                                  Defendants. | Case No.:  20-cv-726 JAH (BGS)<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE** |

## I.     INTRODUCTION

Plaintiff Roderick Himes has failed to comply with four Court orders, including an order to show cause why he should not be sanctioned and a second order to show cause why his case should not be dismissed. (ECF 15, 19, 21, and 22.)  For the reasons discussed below, the Court recommends the case be **DISMISSED without prejudice**.

## II.    BACKGROUND

The Court issued an Order on January 22, 2021 setting an Early Neutral Evaluation and Case Management Conference for March 17, 2021.  (ECF 14 at 1.)  The Order required Plaintiff and Defendant A. Taylor Garcia to submit ENE statements. (*Id.* at 3.) The Order also required Plaintiff and Defendant to complete the Federal Rule of Civil

Procedure 26(f) conference and then submit the Joint Discovery Plan. (*Id.* at 3.) The Court set deadlines for each of these requirements. (ECF 14 at 1, 3.)

The original deadlines were extended at Defendant's request in a March 12, 2021 Order. (ECF 15 (*Ex Parte* Application requesting extension of deadlines), 16 (Order on *Ex Parte* Application).) The dates were modified as follows:

- ENE/CMC set for April 26, 2021
- ENE Statements submitted by April 12, 2021
- Rule 26(f) Conference completed by March 29, 2021
- Filing of Joint Discovery Plan by April 12, 2021

(ECF 16.)

Plaintiff did not comply with the Court's Order to submit an ENE Statement by April 12, 2021. He also did not respond to Defendant's letter attempting to conduct the Rule 26(f) conference for preparation of the required Joint Discovery Plan. (ECF 18.) Because Plaintiff failed to submit his ENE statement as ordered by the Court, the ENE/CMC was converted to a telephonic conference.[1] (ECF 17.)

Plaintiff and counsel for Defendant A. Taylor Garcia did call Judge Skomal's chambers on April 26, 2021. (ECF 19.) However, neither the ENE nor the CMC could be held because Plaintiff failed to submit his ENE Statement and no Joint Discovery Plan had been filed for the Case Management Conference. (ECF 19.) Plaintiff acknowledged that he had not submitted his ENE Statement. (*Id.* at 1.) Plaintiff indicated he could submit it by mail by April 28, 2021. (*Id.*) Plaintiff claimed he had not received Defendant's counsel's letter to conduct the Rule 26(f) conference.[2]

///

---

[1] Plaintiff was required to include in his ENE statement an email address where he could receive the information necessary to participate in the ENE/CMC by videoconference. (*Id.*)

[2] The parties agreed to a date and time to conduct the Rule 26(f) conference by phone.

The Court's April 27, 2021 Order extended the prior deadlines as follows:

- Plaintiff shall submit his ENE Statement no later than **April 29, 2021**.
- Plaintiff and Defendant's counsel shall conduct the Rule 26(f) Conference no later than **April 30, 2021**.
- The Joint Discovery Plan shall be submitted no later than **May 4, 2021**.

(*Id.* at 2.)

The Court also indicated that "[g]iven Plaintiff failed to timely submit his ENE Statement, if Plaintiff fails to comply with the deadlines above, the Court will issue an order to show cause why sanctions should not be imposed for failure to comply with a Court order." (*Id.*)

Plaintiff did not comply with the Court's April 27, 2021 Order. He did not submit his ENE Statement. Given Plaintiff again failed to comply with a Court order, the Court issued an Order to Show Cause. (ECF 21.) The Court's June 7, 2021 Order identified the two Court orders Plaintiff had failed to comply with and ordered Plaintiff to show cause why he should not be sanctioned for failing to comply with those orders. (*Id.* at 2.) The Order required him to respond to the OSC by June 16, 2021. (*Id.*) The Order also required Plaintiff to submit his ENE Statement as soon as possible, but no later than June 16, 2021. (*Id.*) The Order specifically indicated that it was not sufficient to only submit the ENE Statement. (*Id.*) Plaintiff was also required to respond to the OSC by June 16, 2021. (*Id.*)

Plaintiff did not comply with the June 7, 2021 Order. Plaintiff did not respond to the OSC or submit his ENE Statement. (*Id.*) Because Plaintiff had failed to comply with three separate Court orders, including one order to show cause that specifically required him to explain why he should not be sanctioned, the Court issued a second order to show cause, requiring Plaintiff to show cause why his case should not be dismissed. (ECF 22.) This second order to show cause, issued on August 2, 2021, detailed all the ways Plaintiff had failed to comply with the Court's orders: (1) failed to participate in the Rule 26(f)

conference by the March 29, 2021 deadline; (2) failed to submit his ENE Statement by the April 12, 2021 deadline; (3) failed to submit his ENE Statement by the April 29, 2021 deadline; (4) failed to submit his ENE Statement by the June 16, 2021 deadline; and (5) failed to respond to the Court's Order to Show Cause by the June 16, 2021 deadline. (*Id.* at 3.) Plaintiff's ENE statement and response to the second order to show cause were due on August 16, 2021. (*Id.* at 4.) Plaintiff has again failed to submit his ENE statement. He has also not responded to the Court's second Order to Show Cause why the case should not be dismissed.

## III.   LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); Fed. R. Civ. P. 41(b) (A case may be involuntarily dismissed if a plaintiff "fails . . . to comply with these rules or a court order."); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (Acknowledging language of Rule 41(b) suggests dismissal following defendant's motion, but agreeing with sister circuits that "courts may dismiss under Rule 41(b) *sua sponte*.") "District courts have the inherent power to control their dockets and 'in the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik*, 963 F.2d at 1260. However, because "dismissal is a harsh penalty . . . it should only be imposed in extreme circumstances." *Id.* (citing *Hamilton Copper & Steel Corp. v. Primary Steel*, Inc., 898 F.2d 1428, 1429 (9th Cir 1990)).

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) and *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "This 'test' is not mechanical. It

provides the district court with a way to think about what to do, not a set of conditions precedent." *Connecticut Gen. Life Ins. Co. v. New Images Beverly Hills*, 482 F3d 1091, 1096 (9th Cir. 2007). Although explicit findings showing consideration of these factors is not required, it is preferred. *Ferdik*, 963 F.2d at 1261; *Yourish v Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

## IV. DISCUSSION

The Court recommends dismissal of this action because, as detailed below, four of these five factors weigh in favor of dismissal and the fifth, that does not favor dismissal carries minimal weight under these circumstances.

### A. Public's Interest in Expeditious Resolution of Litigation and Court's Need to Manage its Docket

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. As to the court's need to manage its docket, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court's caseload "requires the cooperation of litigants in moving forward so that judicial resources are available to others." *Ash v. Cvetkov*, 739 f.2d 493, 496 (9th Cir. 1984 (Analyzing five factors and finding no abuse of discretion in dismissing for failure to prosecute following four-week delay).

Plaintiff has repeatedly failed to comply with Court orders, preventing the expeditious resolution of this case. The case has been delayed more than five months as a result of Plaintiff's failure to comply with four separate Court orders setting specific deadlines to comply. Plaintiff's violation of each of these orders have not only stopped this case from proceeding, but also diverted judicial resources away from other cases. Given the significant delays, lack of compliance, and unjustified consumption of valuable judicial resources, the Court finds the public's interest in the expeditious resolution of the litigation and the Court's need to manage its docket both favor dismissal.

### B.   Risk of Prejudice to Defendant

The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by '*unreasonable* delays.'" *Id.* (quoting *Ash*, 739 F.2d at 496)(emphasis added). "[E]ven in the absence of a showing of actual prejudice to the defendant from the failure, [t]he law presumes injury from unreasonable delay." *In re Eisen*, 31 f.3d 1447, 1452 (9th Cir. 1994). Courts also consider the reason for the delay in evaluating the risk of prejudice. *Pagtalunan*, 291 F.3d at 642-43 ("[W]e have also related the risk of prejudice to the plaintiff's reason for defaulting.").

As noted above, this case had been delayed more than five months by Plaintiff's lack of compliance with numerous Court orders. Even with an explanation, this delay is likely unreasonable. But here, Plaintiff has also not provided any explanation for his delay. Despite the Court specifically ordering him to provide an explanation, he has not responded to either order to show cause. There is no explanation of what, if any, action he has taken in the last five months to comply with the Court's orders. In the absence of any explanation for the delay, the Court can only conclude the delay is unreasonable and therefore prejudicial. *Id.* at 643 (Finding plaintiff's "delay was unreasonable, and this factor weighs in favor of dismissal" when plaintiff "offered no clear explanation for what actions he actually took during the relevant time periods."). The Court finds the risk of prejudice weighs in favor of dismissal.

### C.   Public Policy Favoring Disposition on the Merits

The "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor 'lends little support' to a party . . . whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006); *see also Pagtalunan*, 291 F.3d at 643 (Concluding this factor weighed against dismissal because public policy favors

disposition on the merits). The Court finds this factor weighs against dismissal, but minimally given Plaintiff has impeded the progression of the case by not complying with numerous court orders.

### D. Availability of Less Drastic Sanctions

"[T]he following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). "[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives requirement." *Id.* at 132-33 (collecting cases).

As detailed above,[3] the Court first extended the deadline with a warning that an order to show cause would follow if Plaintiff did not comply. (ECF 19.) In doing so, the Court "implement[ed] [an] alternative method[] of curing the malfeasance before ordering dismissal," meeting the second subfactor. *Id.* at 132.

When Plaintiff did not comply, the Court extended the deadline, but also issued an order to show cause why sanctions should not be imposed. (ECF 21.) This provided Plaintiff the chance comply, another attempt to cure the malfeasance before dismissal, but also required some explanation for his two prior violations of Court orders. When Plaintiff failed to comply or respond to the first order to show cause, the Court could have issued monetary sanctions, a potentially "less drastic sanction" under subfactor one, that the Court considered. *Id.* However, given Plaintiff is proceeding IFP and is unlikely to be in a position to pay a monetary sanction and also appeared to have abandon this

---

[3] *See supra* Section II.

case, the Court instead provided Plaintiff a final opportunity to comply with the Court's orders and explain his prior violations. (ECF 22.) This second order to show cause again required Plaintiff to comply by submitting his ENE statement, but it also required Plaintiff to show cause why the case should not be dismissed. (*Id.* at 3.) The Order explicitly warned Plaintiff that "[i]f Plaintiff fails to comply with this Order, the undersigned will recommend this case be dismissed." (*Id.* at 3-4.) This explicit and clear warning is itself sufficient to satisfy this final factor.

The Court finds this factor also weighs in favor of dismissal.

## V. CONCLUSION

Having found four of the five factors weigh in favor of dismissal and the fifth only minimally weigh against dismissal, the Court recommends this case be **DISMISSED without prejudice**.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **October 18, 2021**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **October 25, 2021**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: October 1, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge