UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RODERICK HIMES,

　　　　　　　　　　　　Plaintiff,

v.

A. TAYLOR GARCIA,

　　　　　　　　　　　　Defendant.

Case No.: 20cv726-JAH

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 23) TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE (ECF NO. 8)**

**INTRODUCTION**

Pending before the Court is a Report and Recommendation ("Report") submitted to this Court by the Honorable Bernard G. Skomal, United States Magistrate Judge, recommending dismissal of Plaintiff Roderick Himes' ("Plaintiff") First Amended Complaint without prejudice.  No timely objections or replies were filed in response to the Report.  After careful consideration of the Report, pleadings, and relevant materials, and for the reasons set forth below, this Court **ADOPTS** Judge Skomal's Report and **DISMISSES** the First Amended Complaint without prejudice.

1

### BACKGROUND[1]

On April 15, 2020, Plaintiff filed a Complaint against A. Taylor Garcia ("Garcia") and Marcus Pollard ("Pollard") along with a Motion for Leave to Proceed *in forma pauperis*. (ECF Nos. 1-2). The Court granted Plaintiff's Motion to Proceed *in forma pauperis* and dismissed the Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). (ECF. No. 7). Plaintiff then filed the First Amended Complaint on June 22, 2020 (ECF. No. 8), which was dismissed as to Pollard, but not Garcia. (ECF. No. 10). Defendant Garcia filed an Answer to the First Amended Complaint on December 31, 2020. (ECF. No. 13).

Subsequently, as set forth in the Report, Plaintiff has failed to comply with multiple Court orders, including an Order Show to Cause why he should not be sanctioned and a second Order to Show Cause why his case should not be dismissed. (ECF Nos. 15, 19, 21, and 22). After the Plaintiff's failure to comply with or respond to the second Order to Show Cause, Judge Skomal recommended that this Court dismiss the case without prejudice. (ECF. No. 23). Plaintiff has not filed any objections to the Report.

### DISCUSSION

**I.    Legal Standard**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. section 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which no objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id*. When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and the district court is not required to conduct a de novo review of the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating

---

[1] The underlying background set forth in the report are adopted *in toto*, and referenced as if fully set forth herein. This Court provides only a brief procedural background.

2

that "de novo review of a R & R is only required when an objection is made"); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. section 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise").

A "district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); Fed. R. Civ. P. 41(b) (stating that a case may be involuntarily dismissed if a plaintiff "fails . . . to comply with these rules or a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ([a]cknowledging language of Rule 41(b) suggests dismissal following defendant's motion, but agreeing with sister circuits that "courts may dismiss under Rule 41(b) *sua sponte*."). Indeed, "[d]istrict courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal of a case.'" *Ferdik*, 963 F.2d at 1260 (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986), cert. denied, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986)). However, "dismissal is a harsh penalty" and "should only be imposed in extreme circumstances." *Id.* (citing *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990)); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61 (citing *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423). This analysis is "not mechanical" and "provides the district court with a way to think about what to do, not a set of conditions precedent." *Connecticut Gen. Life Ins. Co. v. New Images Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

3

## II.     Analysis

In reviewing these five factors, the Court agrees with Judge Skomal's determination that dismissal without prejudice is appropriate.  The public's interest in the expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the defendant, and the availability of less drastic alternatives favor dismissal.  While the public policy favoring disposition of cases on their merits *may* weigh against dismissal, it does not offset the remaining factors.

### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The public's interest in expeditious resolution and the Court's need to manage its docket both favor dismissal.  These two factors are "usually reviewed in conjunction".  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  As to the former, the Ninth Circuit has previously held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  As to the latter, the Court agrees with Judge Skomal's determination that the Court's need to manage its docket favors dismissal.  It "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Where a plaintiff's "conduct greatly impede[s] resolution of the case", this factor favors dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987); *see also Ash v. Cvetkov*, 739 F.2d 493. 496 (9th Cir. 1984) (finding no abuse of discretion in dismissing for failure to prosecute following four-week delay).

Here, as discussed in the Report, Plaintiff's noncompliance with the Court's orders has delayed the case by more than five months.  (ECF No. 23 at 5).  For instance, over the course of three orders, Plaintiff:

> failed to participate in the Rule 26(f) conference by the March 29, 2021 deadline; (2) failed to submit his ENE Statement by the April 12, 2021 deadline; (3) failed to submit his ENE Statement by the April 29, 2021 deadline; (4) failed to submit his ENE Statement by the June 16, 2021

4

deadline; and (5) failed to respond to the Court's Order to Show Cause by the June 16, 2021 deadline. (ECF No. 22 at 3).

Plaintiff has also failed to respond to the Court's Second Order to Show Cause by the August 16, 2021 deadline. (ECF No. 23 at 4). Moreover, Plaintiff has not provided any explanation for his failure to respond to the various court orders or deadlines.[2] In light of Plaintiff's noncompliance, which resulted in a five-month delay, the Court finds that the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket both favor dismissal.

### B. Risk of Prejudice to Respondent

Because Plaintiff's unexplained noncompliance has delayed the proceedings by five months, the risk of prejudice to respondent factor favors dismissal. While "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted," *Pagtalunan*, 291 F.3d at 642 (citations omitted), "[w]hen a plaintiff has unreasonably delayed litigation, we presume prejudice." *Epicenter Loss Recovery LLC v. Burford Cap. Ltd.*, 855 F. App'x 388, 389 (9th Cir. 2021) (citing *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994)). "This presumption can be rebutted if the plaintiff produces evidence showing the reason for the delay was not frivolous", *id.*, but if a plaintiff "has failed to provide any excuse for his failure to obey the order", this factor favors dismissal. *De Nardo v. Municipality of Anchorage*, 974 F.2d 1341 (9th Cir. 1992).

Here, as discussed above, Plaintiff's failure to respond to numerous court orders has delayed the proceedings by five months, and Plaintiff has provided no explanation for his failure to obey the order. As a result, this factor favors dismissal. *See, e.g., Pagtalunan*, 291 F.3d at 643 (concluding that the risk of prejudice factor favors dismissal in part because

---

[2] As noted in the Report, Plaintiff and counsel did call Judge Skomal's chambers on April 26, 2021 for the ENE/CMC set for that date. (ECF No. 23 at 2; ECF No. 19). However, because Plaintiff failed to submit his ENE Statement, and because no Joint Discovery Plan was filed, neither the ENE nor the CMC was held. (ECF No. 23 at 2).

1   Plaintiff "offered no clear explanations of what actions he actually took during the relevant

2   time periods").

3   **C. Availability of Less Drastic Alternatives to Dismissal**

4       Because Judge Skomal expressly warned Plaintiff of the possibility of dismissal, and

5   because less drastic alternatives were considered and implemented, this factor weighs in

6   favor of dismissal.  In determining whether a district court has considered alternatives to

7   dismissal, the Ninth Circuit considers the following: "(1) [d]id the court explicitly discuss

8   the feasibility of less drastic sanctions and explain why alternative sanctions would be

9   inadequate? (2) [d]id the court implement alternative methods of sanctioning or curing the

10  malfeasance before ordering dismissal? (3) [d]id the court warn the plaintiff of the

11  possibility of dismissal before actually ordering dismissal?" *Malone v. U.S. Postal Serv.*,

12  833 F.2d 128, 132 (9th Cir. 1987)."  "When reviewing a *sua sponte* order of dismissal . . .

13  special consideration" is afforded "to the lack of warning and failure to consider less drastic

14  alternatives."  *Epicenter Loss Recovery LLC v. Burford Cap. Ltd.*, 855 F. App'x 388, 390

15  (9th Cir. 2021) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

16      First, as required by the first subfactor, Judge Skomal discussed the feasibility of

17  less drastic sanctions by considering monetary sanctions and explained that because

18  "Plaintiff is proceeding IFP and is unlikely to be in a position to pay a monetary sanction

19  and also appeared to have abandon[ed] this case, the Court instead provided Plaintiff a final

20  opportunity to comply".  (ECF No. 23 at 8 (citing ECF No. 22)).

21      Second, Judge Skomal's multiple extensions and orders to show cause in lieu of

22  dismissal provided an "alternative method . . . of curing the malfeasance before ordering

23  dismissal." *Malone*, 833 F.2d at 132.

24      Third, and most importantly, Plaintiff was expressly warned that he may face

25  dismissal if he fails to respond to the second Order to Show Cause.  In the Ninth Circuit,

26  "[w]arning a plaintiff that failure to obey a court order will result in dismissal meets the

27  'consideration of alternatives' requirement." *De Nardo v. Municipality of Anchorage*, 974

28

6

F.2d 1341 (9th Cir. 1992) (affirming the District Court's dismissal because "the district court clearly warned De Nardo that if he did not comply with the order, the court would dismiss the case); *see also Conley v. Van Sickle*, 24 F.3d 245 (9th Cir. 1994) (holding that "as to [availability of less drastic alternatives]," because "the district court explicitly warned Conley that he risked dismissal . . . the court's obligation to consider less drastic alternatives to dismissal" was "satisfied"); *Kalka v. Henry*, 119 F.3d 6 (9th Cir. 1997) (holding that because Plaintiff "was warned that his failure to file an amended complaint would lead to dismissal of his complaint . . . the district court did not abuse its discretion by dismissing Kalka's action for failure to comply with a court order") (citing cases). Here, in the Second Order to Show Cause, Plaintiff was expressly warned that if he "fails to comply with [the Second Order to Show Cause], the undersigned will recommend this case be dismissed". (ECF No. 22 at 4). Given Judge Skomal's prior extensions and express warning, the Court finds that the availability of less drastic alternatives factor favors dismissal.

### D. Public Policy Favoring Disposition of Cases on their Merits

While the "public policy favoring disposition of cases on their merits strongly counsels against dismissal," *Epicenter Loss Recovery LLC v. Burford Cap. Ltd.*, 855 F. App'x 388, 390 (9th Cir. 2021), "this factor 'lends little support' to a party ... whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Indeed, where a plaintiff "unreasonably delays a case", "this factor can flip". *Epicenter*, 855 F. App'x 388, 390 (9th Cir. 2021) (citing *In re PPA*, 460 F.3d at 1228). Even if the five-month delay caused by the Plaintiff does not meet this standard, this factor alone is not enough to outweigh the other four factors. *See, e.g., Malone*, 963 F.2d at 133 n. 2 (four factors heavily supporting dismissal outweigh one against dismissal).

///

///

20cv726-JAH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION AND ORDER**

Taking the five factors into consideration, the Court agrees with Judge Skomal's determination that dismissal without prejudice is appropriate. Based on the foregoing, IT IS HEREBY ORDERED:

1.   The Magistrate Judge's report and recommendation is **ADOPTED.**

2.   The petition/case is **DISMISSED** without prejudice.

DATED:   January 31, 2022

_____
JOHN A. HOUSTON
United States District Judge

8